**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | No. 25 CR 773 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Luis Uribe | ) | |

**ORDER**

Defendant Luis Uribe moves to dismiss the indictment or, in the alternative, for disclosure of grand jury materials and an evidentiary hearing. R. 48. During the pre-trial conference on August 26, 2026, the Court agreed to conduct an in-camera review of relevant recordings and transcripts from the grand jury presentation. *See* R. 55. The Court has completed its in-camera review and found no evidence of inappropriate conduct related to this case. As such and for the reasons stated below, Defendant's motion is denied.

**Legal Standard**

"A grand jury's decision to indict is based on whether the government has presented sufficient evidence to establish probable cause that the defendant is guilty." *United States v. Spann*, 2025 WL 1017668, at *1 (N.D. Ill. Apr. 4, 2025). "[A] district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *United States v. Vincent*, 416 F.3d 593, 600 (7th Cir. 2005) (citations omitted). Prejudice "occurs when the alleged violation had a substantial effect on the grand jury's decision to indict or when it was quite doubtful that the decision to indict was free from that violation's considerable influence." *United States v. Brooks*, 125 F.3d 484, 498 (7th Cir. 1997). Dismissing an indictment for an "unprejudiced defendant" would grant that defendant an unjustified "windfall." *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988).

**Discussion**

Uribe was indicted by the Special June 2024 Grand Jury. The same grand jury returned indictments in numerous other cases including in the "Broadview Six" cases, where prosecutorial misconduct tainted the grand jury proceedings.[1] The misconduct in those cases involved a certain AUSA (the "B6-Prosecutor"), and it appears that the B6-Prosecutor engaged in misconduct such as personal vouching, inappropriate familiarity with grand jurors, mischaracterizations of legal principles, and disclosure of extra-record information. *See United States v. Ahmed*, 25-cr-321, Dkt. No. 131 at 3, (N.D. Ill. 2026) (summarizing the allegations of misconduct). Uribe argues that the B6-Prosecutor's conduct in the Broadview Six cases "compromised the independence" of the grand jury in his case and, as such, that the indictment should be dismissed. R. 48 at 17–20.

Critically, however, the Broadview Six cases are entirely unrelated to Uribe and this case. The B6-Prosecutor was not assigned to this case and never presented anything to the grand jury about it. And the crimes at issue in this case—as charged, that Uribe sexually assaulted certain women under color of law—are unrelated to the Broadview Six protests against the detention of immigrants at ICE's Broadview detention facility.

The case of *United States v. Lamantia* is on point. 59 F.3d 705 (7th Cir. 1995). There, a grand juror tried to sell confidential information about grand jury proceedings to two defendants who were being investigated by the grand jury. *Id.* at 706. The *Lamantia* defendants had been indicted by the same grand jury and moved the dismiss the indictment. *Id.* at 707. The Seventh Circuit explained that if there is a "structural defect" in a grand jury—for example, where the requisite number of grand jurors were not in attendance or where the prosecutors engaged in racial

[1] *See* Jon Seidel, *What to Know About the 'Broadview Six' Scandal Rocking Chicago's Federal Court*, Chicago Sun-Times (June 27, 2026). Read in full at: https://chicago.suntimes.com/crime/2026/06/27/broadview-six-boutros-chicago

discrimination when selecting the grand jury—then there is an "irrebuttable presumption of prejudice" in those cases. *Id.* at 708–09. But in *Lamantia*, where one of the grand jurors tried to sell information about another case, "there was no reason to suspect that this body of grand jurors would not perform its tasks satisfactorily" with regard to the *Lamantia* defendants. In other words, when moving to dismiss an indictment, it is inadequate to allege isolated misconduct related to a separate case before the same grand jury. *See id.* Rather, when moving to dismiss an indictment, a defendant must establish a "reasonable factual foundation . . . to support a finding of potential prejudice" in his own case. *Id.* at 710.

Here, there was no structural defect with the grand jury and Uribe is unable to establish a reasonable factual foundation to support a finding of potential prejudice. The Court has conducted an in-camera review of relevant recordings and transcripts from the grand jury presentation in Uribe's case, and the Court found no evidence of inappropriate conduct related to Uribe's case.

In attempting to argue that there was inappropriate conduct, Uribe contends that there was "possible misconduct and at the very least irregularities" related to a translation issue on October 9, 2025. R. 48 at 11. On October 9, Victim A testified before the grand jury with the assistance of a Mandarin interpreter. The assigned AUSA understood Mandarin and during Victim A's testimony, the AUSA believed that the interpreter was providing inaccurate translations. This issue was made known to the grand jury in real time, when the AUSA discussed his translation concerns on the record with the interpreter. After the testimony, the government obtained an audio recording and provided the recording to a different interpreter who created an updated transcript. An FBI case agent then testified before the grand jury on December 4, 2025, and the agent gave a summary of Victim A's testimony based on the updated transcript.

As described above, there was no misconduct. To the contrary, the translation issue shows that the assigned AUSA acted diligently to provide the grand jury with accurate information. Notably, the alleged translation issue is the only concrete issue identified by Uribe that pertains directly to his case, which further underscores the lack of prejudice. In summary, the in-camera review did not reveal inappropriate conduct in this case, Uribe has failed to otherwise identify inappropriate conduct in this case, and Uribe has failed to provide any evidence that the inappropriate conduct in the Broadview Six cases prejudiced the grand jury or in any way influenced the grand jury with regard to this case.

**Conclusion**

For the foregoing reasons, Defendant's motion [48] to dismiss the indictment is denied. The trial shall commence on 9/8/26 as previously scheduled.

**SO ORDERED.** **ENTERED: September 1, 2026**

**HON. JORGE L. ALONSO**
**United States District Judge**